WYNN, Circuit Judge,
concurring:
I concur in the majority opinion, including its holding that “although the district court’s interferences in this case went beyond the pale, in light of the plain error standard of review and the overwhelming evidence against Appellant, the district court’s conduct did not ... affect Appellant’s substantial rights.” Ante at 242. I write separately to make clear that in our role as judges, we must avoid even the appearance of improper interference and excessive interruptions of court proceedings.
Here, there was much more than an appearance of improper interference. At its core, such conduct tends to undermine the public’s confidence in the integrity of the judiciary. But more importantly, such conduct challenges the fairness of the proceeding.
In United States v. Cherry, for example, we noted that the judge’s remarks about the defendant’s criminal history prior to a poll of the jury may have influenced the jurors, and we found those comments improper and in error. 720 F.3d 161, 167 (4th Cir.2013). But in light of the “overwhelming” evidence and the plain error standard, we concluded that the comments, though prejudicial, ultimately did not affect the outcome. Id. at 168-69. Just a day later, in United States v. Ecklin, we again recognized that the judge had engaged in “problematic questioning” that “undermine[d] the substance and credibility of [the defendants’] testimonies.” 528 Fed.Appx. 357, 363-64 (4th Cir.2013). We stated that “the court’s skepticism or disbelief’ of the defendants were “sentiments that should not have been expressed to the jury.” Id. at 364. Again, however, we were constrained by plain error review. Id. at 365.
It is well accepted that we, as judges, “must maintain such a demeanor that ‘every one shall recognize that what is said from the bench is the cool and well-balanced utterance of an impartial judge, and has in it naught of the heat and partisanship of the advocate.’” United States v. Godwin, 272 F.3d 659, 677 (4th Cir.2001) (quoting Wallace v. United States, 281 F.2d 656, 665 (4th Cir.1960)). In this matter, as in Ecklin, the judge’s “problematic questioning” and impermissible interferences constituted “sentiments that should not have been expressed to the jury.” 528 Fed.Appx. at 364. And while the judge’s problematic “interference” may not have changed the outcome here, it was, no doubt, plainly imprudent. At some point, repeated injudicious conduct must be recognized by this Court as a compelling basis for finding plain error.